FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 29 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-31901 |
| | ) | |
| **GCC-CHASE, LLC,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| **PROVIDENCE REAL ESTATE** | ) | |
| **VENTURES, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding |
| | ) | No. 16-3271 |
| v. | ) | |
| | ) | |
| **GREAT CIRCLE CAPITAL, LLC;** | ) | |
| **CHRISTOPHER NEEDHAM; GEORGE** | ) | |
| **W. COURLAS; JAMES M. THORBURN;** | ) | |
| **GCH2,LLC; AND KEYSTONE,** | ) | |
| **L.L.C.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER RECOMMENDING WITHDRAWAL OF THE REFERENCE**

THIS MATTER is before the court on the Motion to Authorize and Direct Mediation (the "Mediation Motion") filed by Providence Real Estate Ventures, LLC ("PREV"). Because

resolution of the issue of who owns and controls the Debtors[1] is necessary for the Debtors' bankruptcy cases to move forward with the plan confirmation process, this court recommends that the United States District Court withdraw the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d) for the limited purpose of ordering a global mediation between the parties to the adversary proceeding and a nearly identical case pending in the District Court, case no. 3:16-cv-00200.

**Background and Status of the Adversary Proceeding**

1. The Debtors are limited liability companies organized under North Carolina law. Each Debtor owns and operates a separate multi-family apartment complex in Charlotte, North Carolina.

2. Each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 1, 2015 to prevent a foreclosure by its primary secured lender, Fannie Mae. The Debtors also each filed a plan of reorganization or liquidation on March 30, 2016.

3. On May 5, 2016, without having previously participated in the bankruptcy proceedings, PREV filed a Motion to Abate Bankruptcy Cases (the "Motions to Abate") in each of the GCC

---

[1] While this adversary proceeding is associated with case no. 15-31901, it involves four related debtors: GCC-Chase, LLC, case no. 15-31901; GCC-Courtyard, LLC, case no. 15-31902; GCC-Landings, LLC, case no. 15-31903; and GCC-Sharon Ridge, LLC, case no. 15-31904 ("Debtors" or "GCC Debtors").

bankruptcy cases in which PREV sought to have this court stay or suspend the cases pending a determination of the issue of ownership and control of the Debtors. In short, PREV asserts that it owns the controlling interest in the Debtors or their manager, Great Circle Capital, LLC ("GCC"), arising out of a December 15, 2012 Purchase and Sale Agreement.

4. PREV had previously filed a lawsuit in Mecklenburg County Superior Court, case no. 14-CVS-22623 (the "State Court Case"), against GCC, the Debtors, and others to address an alleged breach of the Purchase and Sale Agreement and related issues. The parties engaged in settlement discussions that resulted in a dismissal of the State Court Case without prejudice on April 29, 2015. The parties were on the eve of drafting settlement documents when the settlement discussions fell apart, which ultimately resulted in the filing of the GCC bankruptcy cases.

5. On April 28, 2016, PREV refiled the State Court Case in District Court as case no. 3:16-cv-00200 (the "District Court Case"). The District Court Case did not include the GCC Debtors because of their bankruptcy cases and the prohibitions of the automatic stay. In addition, the District Court Case seeks broader relief than is sought in this adversary proceeding and involves additional parties.

6. On May 4, 2016, PREV filed this adversary proceeding

seeking a declaratory judgment regarding the ownership and control of the GCC Debtors and/or GCC. The relief sought in the adversary proceeding is more narrowly tailored to specifically address the corporate ownership and control issue. Nevertheless, the key issue to be decided in both the adversary proceeding and the District Court Case is who owns and controls the GCC Debtors and/or GCC.

7. On July 14, 2016 the court entered an Order Granting Motion to Abate Bankruptcy Case in each of the Debtors' cases because it determined that the ownership dispute between the parties must be decided prior to the continuation of the solicitation and confirmation process and the claims objection process.

8. Almost immediately, Fannie Mae filed motions for relief from stay asserting that cause exists to allow Fannie Mae to proceed with respect to its collateral given the above-referenced facts, the procedural posture of the Debtors' cases, the dispute over ownership and control of the Debtors, the harm to all creditors created by the associated delay and expense of litigating that issue, and the lack of any material progress in moving forward with a confirmable plan. This court shares Fannie Mae's concerns and believes that in order for there to be any prospect of confirming plans in the Debtors' cases, the issue of ownership and control must be determined expeditiously and efficiently.

4

### Recommendation

9. PREV's Mediation Motion seeks to have this court direct the parties to this adversary proceeding to mediation. In the Mediation Motion, PREV asserts that "(e)arly mediation will allow all parties to move past litigating the ownership and control disputes, and move forward with the reorganization efforts of the Debtors, which is in the best interests of the parties and the Debtors' creditors."

10. This court not only agrees with PREV, it believes the only way to allay the concerns of the court and Fannie Mae is for the parties to mediate the issue of ownership and control. Furthermore, given previous representations that the parties were on the eve of settling this dispute prior to the filing of the Debtors' cases, the court is hopeful that such a mediation would be successful. Finally, absent resolution of this issue at mediation, this court is not optimistic that the Debtors will survive relief from stay and/or dismissal of their cases in the not-too-distant future.

11. In their response to the Mediation Motion and at the hearing on this matter, the GCC Debtors stressed the need for global mediation between the parties to the District Court Case and the adversary proceeding in order to reach agreement on the ownership question. The court agrees that all parties affected by that dispute, including the parties to the District Court Case, must participate in order for the mediation to have any chance of

5

success.

12.    For all of these reasons, the court enters this order *sua sponte* recommending that the District Court withdraw the reference of this adversary proceeding for the limited purpose of conducting a global mediation between the parties to both this adversary proceeding and the District Court Case within 60 days of the entry of an order requiring mediation. The court believes that ordering a global mediation is in the interest of judicial economy and efficiency and, frankly, the only means of getting the Debtors' cases back on track.

13.    At a hearing on July 27, 2016, the court granted PREV's Motion for Leave to Amend Complaint (the "Motion to Amend") in which PREV sought to add GCH2, LLC and Keystone, L.L.C. as party Defendants and to dismiss the GCC Debtors without prejudice. While the GCC Debtors are no longer parties to the adversary proceeding (and never were parties to the District Court Case), as a practical matter their participation may be necessary to resolve the issues between the parties. The same is true of Fannie Mae. At the hearing on the Motion to Amend, both Fannie Mae and the GCC Debtors expressed their willingness and consent to participate in any mediation that might be ordered by the District Court. The court notes that all matters that were on for hearing on July 27 were continued to

August 10, 2016 pending a ruling by the District Court on this order.

14.  Finally, if the District Court agrees with this order and withdraws the reference, this court respectfully suggests that all matters pending in both the adversary proceeding and the District Court Case be stayed pending the conclusion of the global mediation.

## Conclusion

For all of these reasons, the court respectfully recommends that:

1.  The District Court withdraw the reference of this adversary proceeding for the limited purpose of ordering a global mediation between the parties to this adversary proceeding and District Court case no. 3:16-cv-00200;

2.  The mediation be ordered to take place within 60 days of the date of the entry of an order requiring mediation;

3.  The District Court allow the GCC Debtors and Fannie Mae to participate in any mediation; and

4.  All matters pending in the adversary proceeding and the District Court Case be stayed pending the conclusion of the global mediation.

The Clerk of the Bankruptcy Court is directed to transmit this order to the Clerk of the District Court for review by that court.

**This Order has been signed electronically.**  **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**